[Dkt. Nos. 30, 33]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                    :
UNITED STATES OF AMERICA,           :
                                    :
         v.                         : Crim. No. 18-147 (RMB)
                                    :
DARON SUITER                        : **OPINION**
_____ :

This matter comes before the Court upon Defendant Daron Suiter's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release). Defendant Suiter is currently serving his sentence at FCI Gilmore in Gilmore, West Virginia, with a projected release date of February 25, 2022, and a home detention eligibility date of August 28, 2021. The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

On March 26, 2018, Suiter pled guilty to an Information charging Defendant with conspiracy to distribute crack cocaine and furanyl/fentanyl, in violation of 21 U.S.C. § 841(a)(1)(b)(1)(c). The Court sentenced Defendant to 60 months of imprisonment.

In support of his Motion, Defendant submits that he suffers from a BMI of 25.8 and asthma. Defendant candidly admits,

1

however, that he does not need to use an inhaler every day, and so he may not qualify as having moderate or severe asthma. [Dkt. No. 33, at 4.] Suiter contends that a combination of these increases his risk of serious illness should he become infected with COVID-19. Moreover, Suiter asks the Court to consider the fact that there are many positive cases of COVID-19 at the prison.

The Government responds that Defendant does not satisfy the "extraordinary and compelling" standard for release. Although Defendant suffers from being slightly overweight and having moderate asthma, these are conditions the CDC recognizes might be an increased risk, and the BOP is addressing Defendant's medical needs. [Dkt. No. 37, at 8.] Moreover, it also has introduced evidence of the measures that the Bureau of Prisons has taken to prevent the spread of the coronavirus. It is set forth at length in the Government's Response. See Govt. Opp., Dkt. No. 37, at 2-5)

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary

2

and compelling reasons" to reduce a sentence.  The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added).  As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  This is a statutory

3

requirement that this Court may not waive.  See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

Defendant has exhausted his administrative remedies. United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).  The Court, thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Defendant bears the burden to establish that he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant

4

is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

    (I)  suffering from a serious physical or medical condition,

    (II)  suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

---

[1] The policy statement refers only to motions filed by the BOP Director.  That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012).  In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

>     that substantially diminishes the ability of the
>     defendant to provide self-care within the
>     environment of a correctional facility and from
>     which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances.  Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons."  Id. § 1B1.13, cmt. n.1(D).

  Here, Defendant acknowledges that his medical conditions are not among the categories of conditions recognized by the CDC as entailing a greater risk of serious illness.  Although these conditions fall within the second set of identified health conditions for which persons might be at an increased risk, there is no evidence put before this Court to demonstrate that his medical conditions are not being treated.  To the contrary, evidence demonstrates that Defendant is being treated for his medical conditions.

  Moreover, the record before this Court demonstrates that the BOP is undertaking efforts to contain the COVID-19 situation at FCI Gilmore.  While the Court agrees with Defendant that the numbers are concerning, the record supports the conclusion that the situation has not worsened, and BOP efforts to contain the

spread of the virus are working.  On November 13, 2020, the Government advised there were 114 positive cases.  See Dkt. No. 72, at 9.  By January 11, 2021, the date of this Opinion, there are 97 inmates who are positive.  Thus, while the numbers are concerning, BOP's efforts to control the spread seem to be working.

The Court also finds that Defendant has failed to demonstrate that he merits release under the § 3553(a) factors.  Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis.  See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors.  First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a).  The crimes committed by Defendant were particularly heinous - - the distribution of crack cocaine to addicts in and around Camden, inflicting farther destruction on a city plagued by drug activity.

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction.  As set forth in the Government's opposition, the

7

Defendant has a troubled criminal history and a substance abuse history.  The statements he has made are equally troubling.  The Court has little confidence that he will abide by conditions of release.  For similar reasons, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence.  The Court recognizes the concerns raised by Defendant as to his mental and emotional challenges and has weighed those factors as well.

    The Court has reviewed the record, and given the time remaining on the Defendant's sentence (almost one year of a five-year sentence) cannot find that the §3553(a) factors warrant his release.  Rather, they counsel in favor of continued incarceration.

    The Motion is therefore DENIED.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: January 11, 2021